■ In the Matter of RICHARD RAVALLI, Petitioner, v D. SULLIVAN, as Hearing Officer at Elmira Correctional Facility, et al., Respondents. [745 NYS2d 296] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct and fighting. The correction officer who authored the misbehavior report testified that he was on duty in the facility's field house when violent fighting erupted among approximately 50 inmates. The use of chemical agents was required to bring the melee under control, following which correction officers recovered 10 weapons. At petitioner's disciplinary hearing, the reporting officer identified petitioner as an individual whom he had seen punching other inmates. This testimony was corroborated by that of a second correction officer who testified that he had witnessed the incident in question and was able to identify petitioner as an inmate who had taken an aggressive part in the fighting.

The detailed misbehavior report and the testimony of the two correction officers who were eyewitnesses to petitioner's conduct on the evening in question were sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Jimenez v Goord*, 244 AD2d 683, 684; *see also, Matter of Garrastequi v Goord*, 252 AD2d 638). The countervailing testimony given by petitioner and his inmate witnesses, in which they asserted that petitioner took no part in the fighting, presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of De Leon v Lacy*, 275 AD2d 828, 829; *Matter of Medina v Stinson*, 251 AD2d 935). Petitioner's remaining contentions, including his allegation of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.