■ In the Matter of DUVAL CONNELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [749 NYS2d 105] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting fighting, violent conduct, assault on an inmate, use of a weapon and refusing to obey a direct order. As related in the misbehavior report and the testimony of the reporting correction officer, he observed petitioner in the prison yard engaged in a fight with another inmate whom petitioner appeared to be slashing. Although the tower officer ordered the inmates to desist, they failed to comply. After several other inmates joined the fray, chemical agents and additional officers were deployed to restore order. Homemade weapons in the form of a piece of plastic, sharpened at both ends, and a razor-blade with a taped handle were subsequently recovered from the scene.

Substantial evidence of petitioner's guilt was presented at his disciplinary hearing in the form of the detailed misbehavior report, the unusual incident report and the testimony of the reporting officer who identified petitioner as one of the two original combatants (*see Matter of Acevedo v Superintendent of Elmira Correctional Facility*, 265 AD2d 763; *Matter of Garrastequi v Goord*, 252 AD2d 638). He added that both inmates had been armed and appeared to be taking an active part in the fight. The officer saw petitioner in the infirmary a short time later and observed that he had sustained wounds on his head, arm and hand that were consistent with the weapons found at the scene. Petitioner partially controverted the officer's testimony by attesting that he had been attacked by the other inmate and was only acting in self-defense. The discrepancies between petitioner's testimony and that of the reporting officer presented an issue of credibility for resolution by the

Hearing Officer (*see Matter of Rivera v Goord*, 274 AD2d 813; *Matter of Maldonado v Miller*, 254 AD2d 660).

We are unpersuaded by petitioner's contention that he received ineffective employee assistance. It is apparent that the assistant endeavored to help petitioner by providing him with all of the available documents that were relevant to the charges against him. In any event, no showing has been made that petitioner's case was prejudiced by the assistance he received (*see Matter of Tusa v Goord*, 287 AD2d 907, 908, *lv dismissed* 98 NY2d 646; *Matter of Dumpson v McGinnis*, 247 AD2d 804). Petitioner's remaining contentions, to the extent that they have been preserved for our review, have been examined and found to be without merit.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.