■ In the Matter of MANFRED BERNIER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [770 NYS2d 795]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Pursuant to three misbehavior reports, petitioner was found guilty of two counts of violent conduct, two counts of assault on staff, interference with an employee, refusing a direct order, making threats and possession of a weapon in violation of various prison disciplinary rules. Most of the charges stem from an incident wherein petitioner was removed from his cell and told to keep his feet flat on the floor while leg restraints were applied. According to two of the misbehavior reports, petitioner then attempted to kick a correction officer whereupon petitioner was forced back into his cell on his bed while the correction officers tried to regain control. During the ensuing struggle, petitioner bit one of the correction officers on the thumb. When petitioner was finally placed in restraints, he was escorted to the shower where he then threatened that he would throw feces on one of the correction officers. The final misbehavior report relates that a subsequent search of petitioner's property uncovered the lever portion of nail clippers sharpened to a point hidden within petitioner's legal mail.

Although there was no testimony regarding the weapon found among petitioner's belongings, it is well settled that a misbehavior report can, by itself, constitute substantial evidence to support the determination of guilt provided it is " 'sufficiently relevant and probative' " (*Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990], quoting *Matter of Perez v Wilmot*, 67 NY2d 615, 616-617 [1986]; *see Matter of Jackson v Selsky*, 288 AD2d 802 [2001], *lv denied* 97 NY2d 612 [2002]). Here, the misbehavior report describing the weapon in detail and the location in which it was found supports the determination of guilt. Similarly, we find no reason to disturb the remaining charges given the detailed misbehavior reports and extensive hearing testimony (*see Matter of Rowe v Goord*, 300 AD2d 728, 729 [2002]).

Turning to petitioner's procedural challenges, we reject his contentions that his testimony was improperly interrupted or that he was improperly removed from the hearing. Because petitioner was disruptive and reacted inappropriately to the Hearing Officer, the Hearing Officer properly suspended his testimony and implied that his testimony could resume when petitioner calmed down. Inasmuch as the record establishes

that petitioner engaged in repeated disruptive and abusive behavior despite the Hearing Officer's multiple warnings that such continued conduct would warrant his removal, we find no abuse of discretion by the Hearing Officer in removing petitioner (*see Matter of Miller v Goord*, 1 AD3d 647, 648 [2003]; *Matter of Sowell v Goord*, 295 AD2d 835, 836 [2002]; *Matter of Thomas v Bennett*, 271 AD2d 768, 769 [2000]). The record fails to support petitioner's claim of hearing officer bias (*see Matter of Miller v Goord, supra* at 706). Petitioner's remaining contentions have been reviewed and are either unpreserved for our review or found to be without merit.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.