In the Matter of ISAIAH BROWN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [772 NYS2d 757]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in a physical altercation with another

inmate while in the prison law library. After a correction officer issued more than one order to them to stop, they finally heeded the officer's directive and were taken to the facility hospital. Following the incident, the officer noticed that the wall in the area where the melee took place was damaged. Petitioner was thereafter charged in a misbehavior report with fighting, engaging in violent conduct, refusing a direct order and destroying state property. A tier III disciplinary hearing was subsequently conducted after which petitioner was found guilty of all of the charges, except for refusing a direct order. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, petitioner challenges the adequacy of the evidence upon which the determination is based. Contrary to petitioner's claim, the detailed misbehavior report, together with the fight investigation report and the testimony of the library clerk who heard the commotion and observed a hole in the wall after the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Sanchez v Goord*, 300 AD2d 956, 956 [2002]; *Matter of Connell v Goord*, 298 AD2d 748, 748 [2002]). Petitioner's testimony that he did not recall the physical altercation because he suffered a blackout due to medication he was taking presented a credibility issue for the Hearing Officer to resolve (*see Matter of Bolden v Selsky*, 305 AD2d 749, 750 [2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Ravalli v Sullivan*, 296 AD2d 738, 739 [2002]).

Petitioner also asserts that the disciplinary rules prohibiting fighting (disciplinary rule 100.13) and violent conduct (disciplinary rule 104.11) fail to comply with Correction Law § 138 and are unconstitutionally vague. Disciplinary rule 100.13 states that "[i]nmates shall not engage in fighting" (7 NYCRR 270.2 [B] [1] [iv]). Disciplinary rule 104.11 provides that "[i]nmates shall not engage in any violent conduct or conduct involving the threat of violence either individually or in a group" (7 NYCRR 270.2 [B] [5] [ii]). Insofar as the above rules are sufficiently particular to provide a person of ordinary intelligence with notice that engaging in a physical altercation with another inmate is proscribed conduct (*see Matter of Jones v Department of Correctional Servs. of State of N.Y.*, 283 AD2d 805, 805 [2001]; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 868 [1996]), we find petitioner's contentions to be unavailing.

Lastly, petitioner claims that the Hearing Officer prejudged his guilt, denied him the right to present certain evidence at the hearing and conducted the hearing in an unfair manner. The

transcript of the disciplinary hearing does not substantiate petitioner's claims or indicate that the Hearing Officer was biased or that " 'the outcome of the hearing flowed from the alleged bias' " (*Matter of Ramos v Goord*, 309 AD2d 1096, 1097 [2003], quoting *Matter of James v Goord*, 261 AD2d 733, 733 [1999]). Therefore, we decline to disturb the determination of guilt.

We have considered petitioner's remaining contentions, to the extent that they have been preserved for our review, and find them to be unpersuasive.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.