■ In the Matter of RAVON SANDERS, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [782 NYS2d 165]—

Mugglin, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered March 19, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner was convicted in 1982 of the crime of robbery in the first degree and sentenced to a prison term of 11 to 22 years. Since 1992, petitioner has been released to parole supervision on several occasions, only to have the parole revoked for numerous violations. Following his most recent release to parole supervision in November 2000, petitioner was again charged with violating the conditions of his parole based on allegations that he had exposed himself and threatened the safety and well-being of the director of a halfway house. Upon completion of a final revocation hearing, the Administrative Law Judge (hereinafter ALJ) determined that the Division of Parole had proven the violations by a preponderance of the evidence and recommended that petitioner be held until his maximum expiration date, previously established as April 14, 2007 by a prior unrelated parole revocation proceeding. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding in Supreme Court, which dismissed his application. Petitioner now appeals.

We affirm. Contrary to petitioner's assertions, we find no infirmity in any of the procedures or rulings made at the hearing, wherein petitioner's constitutional, statutory and regulatory due process rights were fully upheld. First, we find no merit to petitioner's argument that his right to present a defense was

compromised by the ALJ granting permission to the Division to amend the charges by indicating that petitioner's indecent exposure occurred in the victim's "bedroom area," rather than in her bedroom as originally stated. We note that, as conceded by petitioner's counsel, this change had already been made prior to the hearing on both the Division's copy of the charges and the copy which had been served on petitioner; petitioner was merely objecting to the change being made to the ALJ's copy for the purpose of maintaining uniformity. Having no bearing on the legal sufficiency of the charges, such amendment was undertaken solely to correct a technical defect and, even if made in error, does not warrant reversal (*see Matter of Alvarado v Goord*, 252 AD2d 650 [1998]; *Matter of Kirk v Hammock*, 119 AD2d 851, 853 [1986]; *see also Matter of Sowa v Looney*, 23 NY2d 329, 335 [1968]). In any event, we reject the claim of petitioner, who was promptly granted an adjournment by the ALJ upon his objection, that the correction to the charges compromised his defense that the victim could not have seen him; nothing prevented him from continuing to advance this defense.

We are also unpersuaded by petitioner's contention that the ALJ improperly curtailed his opportunity to speak, cross-examine witnesses and introduce evidence on his behalf. Our review of the record reveals the contrary, establishing that petitioner, despite being ably represented by counsel throughout the proceedings, repeatedly interrupted the ALJ and engaged in disruptive behavior in defiance of the ALJ's tirelessly patient attempts to persuade him to obey the rules of procedure at the hearing. We are likewise unpersuaded by petitioner's assertions that he was improperly denied the right to introduce evidence during summation by reading from the transcript of the preliminary revocation hearing, never admitted into evidence, or that he was improperly removed from the hearing. Again, the transcript fails to support either of these claims. Moreover, the record is unclear as to whether petitioner was removed during the summations or if he voluntarily left. In either event, we perceive no abuse of discretion by the ALJ, who curtailed petitioner's outbursts only after he abused the significant leeway afforded him to personally speak, even with his own counsel present and actively participating in petitioner's defense (*see Matter of Bernier v Goord*, 3 AD3d 746, 747-748 [2004]; *see Matter of Sowell v Goord*, 295 AD2d 835, 836 [2002]).

Because the Board of Parole's determination did not affect petitioner's current maximum expiration date, petitioner's claim that it was improperly extended was not properly raised in the instant CPLR article 78 proceeding and, in any event, was

untimely (*see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; CPLR 217 [1]). Petitioner's remaining arguments are either not properly before this Court or lack merit.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.