In the Matter of WILLIAM EDWARDS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 720]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On March 11, 2003, as the result of a personal letter he sent to a nursing student who worked at the facility where he was incarcerated, petitioner was charged in a misbehavior report with harassment. On March 16, 2003, petitioner met with two correction officials complaining that the correction officer who authored the misbehavior report had added two sentences, containing racist and derogatory comments, that were not in his copy of the report. Upon investigation, correction officials determined that petitioner had altered the document in retaliation against the correction officer who prepared the report. Consequently, petitioner was charged in a second misbehavior report with making false statements and forgery. He was found guilty of the charges in the second report following a tier III disciplinary hearing. The determination was affirmed upon administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

Initially, we note that the second misbehavior report contains details of the March 16, 2003 meeting at which petitioner complained of the statements that had allegedly been added to the misbehavior report by its author. The report indicates that correction officials analyzed the handwriting of the notations and concluded that the report had been altered by petitioner. We conclude that the misbehavior report is sufficiently relevant and probative to constitute substantial evidence of petitioner's guilt (*see Matter of Bernier v Goord,* 3 AD3d 746, 747 [2004]; *see also Matter of Filsaime v Sabourin,* 288 AD2d 516, 517 [2001]). A contrary result is not compelled by the fact that there is a discrepancy between the time noted on the label of the videotape of the meeting and the time stated in the misbehavior report inasmuch as there was only one such meeting and both the video and report indicate that it was conducted on the same date. Finally, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Salaam v Goord,* 8 AD3d 776, 777 [2004]; *Matter of Nimmons v Goord,* 7 AD3d 887, 889 [2004]). Petitioner's remaining claims either have not been preserved for our review or are without merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.