■ In the Matter of ALFONZO QUINNEY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [795 NYS2d 476]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a fight in the yard involving numerous inmates, a correction officer observed petitioner make a stabbing motion toward another inmate and, after he ignored orders to stop fighting, the correction officer saw him discard an object which turned out to be a sharpened spoon. Petitioner was charged in a

misbehavior report with fighting, engaging in violent conduct, disturbing the order of the facility, refusing a direct order and possessing a weapon. He was found guilty of all of the charges following a tier III disciplinary hearing. After the determination was upheld on administrative appeal, he commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, documentary evidence and testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Brown v Selsky*, 5 AD3d 905, 906 [2004]; *Matter of Lunney v Selsky*, 275 AD2d 820 [2000]). Any discrepancies in the testimony of the various witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Connell v Goord*, 298 AD2d 748, 748 [2002]; *Matter of Rucano v Goord*, 264 AD2d 888, 888 [1999]). Moreover, we find no merit to petitioner's contention that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Jackson v Smith*, 13 AD3d 685, 686 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Edwards v Goord*, 12 AD3d 1002, 1003 [2004]) nor that gaps in the tape prevents meaningful judicial review (*see Matter of Wilson v Coombe*, 237 AD2d 831 [1997]). Petitioner's remaining claims are either unpreserved for review or are lacking in merit.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.