■ In the Matter of CLAUDE E. DAVIS JR., Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [902 NYS2d 436]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After three letters written by petitioner addressed to other inmates and labeled as legal mail were found in a mail bag that was not located inside the prison's law library, petitioner was charged in a misbehavior report with violating the correspondence procedures and providing unauthorized legal assistance. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Petitioner was unsuccessful on his administrative appeal and thereafter commenced this CPLR article 78 proceeding.

The misbehavior report contained detailed information regarding the correspondence, including the facts that it was labeled as legal mail and was found in a "B2 mail bag" in violation of the policy that legal mail must be sent from the law library. The report also indicates that the letters involved legal work prepared by petitioner on behalf of other inmates and was not the type of legal assistance provided by law library clerks. At the disciplinary hearing, in response to the Hearing Officer's questioning, petitioner admitted that he was the author of the correspondence. The fact that the letters constituted legal assistance was not disputed. Accordingly, we find that the information in the misbehavior report and petitioner's testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Johnson v Goord, 42 AD3d 626, 627 [2007]; Matter of Faraldo v Senkowski, 275 AD2d 833 [2000]). Although petitioner now claims that he was authorized to provide legal assistance to those inmates, that issue is not preserved for review inasmuch as he did not raise it at the hearing (see Matter of Madison v Cunningham, 67 AD3d 1141, 1142 [2009]). Petitioner's claim that the Hearing Officer failed to interview the author of the misbehavior report and to obtain certain documentary evidence is also unpreserved. Finally, petitioner's claim that he had complied with the correspondence

policy by leaving the letters in an appropriate, yet unsecured, location in the law library and that someone else had taken the letters and placed them in the B2 mail bag raised a credibility question for the Hearing Officer to resolve (*see Matter of Edwards v Leclaire*, 71 AD3d 1199 [2010]; *Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]).

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.