■ In the Matter of H. Patrick Barclay, Petitioner, v B. Zolkosky et al., Respondents. [912 NYS2d 447]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, became incensed that an inmate employee in the mess hall was touching food without wearing gloves and berated him with profane language and then threatened him. As a result, petitioner was served with a misbehavior report and, following a tier II disciplinary hearing, was found guilty of engaging in violent conduct, making threats, creating a disturbance, refusing a direct order and failing to follow mess hall procedures. The determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, along with petitioner's testimony at the hearing, provide substantial evidence of petitioner's guilt (*see Matter of Sterling v Fischer*, 75 AD3d 709 [2010]; *Matter of Davis v Bezio*, 74 AD3d 1615 [2010]). Petitioner's claim that he was denied witnesses is without merit, as the record reveals that petitioner stated several times during the hearing that he did not wish to call any witnesses (*see Matter of Wilson v Artus*, 71 AD3d 1294 [2010]; *Matter of Dixon v Brown*, 62 AD3d 1223, 1224 [2009], *lv denied* 13 NY3d 704 [2009]). Likewise, it cannot be said that petitioner was denied documentary evidence in the form of a videotape of the incident where no such tape existed (*see Matter of Bornstorff v Bezio*, 73 AD3d 1397, 1398 [2010]; *Matter of Lara v Dubray*, 52 AD3d 1143, 1143 [2008]). Lastly, petitioner's differing version of events, his claim that his hearing loss affected his ability to hear correction officers' orders and his assertion that the misbehavior report was given to him in retaliation for his successful challenge to another misbehavior report presented issues of credibility to be resolved by the Hearing Officer (*see Matter of Devaughn v Bezio*, 75 AD3d 673 [2010]; *Matter of Morusma v Fischer*, 74 AD3d 1675 [2010]).

Petitioner's remaining contentions, to the extent preserved, have been determined to be without merit.

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.