■ In the Matter of JESSIE J. BARNES, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 726]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After correction officers searched petitioner's cell and allegedly found prohibited items, he covered the window on the door to his cell and caused water to flood from his cell onto the gallery floor. Petitioner was then removed from his cell, whereupon

he spit at several correction officers, hitting one in the face. As a result, petitioner was charged with various infractions in three separate misbehavior reports. Following a tier III disciplinary hearing, he was found guilty of creating a disturbance, committing an unhygienic act, flooding, refusing a direct order and obstructing visibility. That determination was affirmed upon administrative appeal.

Petitioner thereafter was charged in yet another misbehavior report with refusing a direct order and violating mess hall procedures after he was ordered to hand his food tray out of his cell and he refused to do so. Following a separate tier III hearing, petitioner was found guilty of those charges and that determination was also affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding to challenge the two determinations.

We confirm. We first note that petitioner has abandoned any challenge to the sufficiency of the evidence supporting the determinations due to his failure to address the issue in his appellate brief (*see Matter of Raqiyb v Fischer*, 82 AD3d 1432, 1433 n [2011]; *Matter of Martinez v Fischer*, 82 AD3d 1380, 1380 n [2011]).

Turning to petitioner's procedural contentions, we are not persuaded that petitioner was improperly denied video footage from inside his cell inasmuch as there is no evidence that such footage ever existed (*see Matter of Hayes v Fischer*, 78 AD3d 1396, 1397 [2010]; *Matter of Barclay v Zolkosky*, 78 AD3d 1343, 1344 [2010]). Likewise, we find no merit to petitioner's contention that he was improperly denied the right to ask his witnesses certain questions. The testimony he sought to elicit was irrelevant to the charges against him (*see Matter of Jackson v Prack*, 84 AD3d 1660, 1660 [2011]; *Matter of Smith v Fischer*, 79 AD3d 1491, 1492 [2010], *lv denied* 18 NY3d 802 [2011]). Furthermore, our review of the record reveals no hearing officer bias; rather, the determinations were premised upon the evidence introduced during the hearings (*see Matter of Abreu v Fischer*, 87 AD3d 1241, 1242 [2011]). Finally, the penalties assessed were not so shocking to one's sense of fairness as to be excessive (*see Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011]).

Petitioner's remaining contentions have been considered and found to be either unpreserved or lacking in merit.

Mercure, A.P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.