Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
A correction officer escorted petitioner to the handicap shower area where he was left for 20 minutes to take his shower. When the officer returned to retrieve him, petitioner indicated that he had not taken his shower because the water temperature was not satisfactory. He proceeded to ignore the officer’s directives to turn off the water and return to his cell. He eventually complied, but became loud and boisterous while being escorted back to his cell. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order and creating a disturbance. He was found guilty of the charges following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, together with the testimony of the correction officer who authored it and the sergeant familiar with the incident, provide substantial evidence supporting the determination of guilt (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Bookman v Fischer, 107 AD3d 1260 [2013]). Although petitioner maintained that the misbehavior report was written in retaliation for past grievances he had filed, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 107 AD3d 1263, 1263 [2013]; Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]). Moreover, petitioner’s claim that he was denied documentary evidence is unavailing inasmuch as the requested items were either irrelevant, redundant or nonexistent (see Matter of Medina v Prack, 101 AD3d 1295, 1297 [2012], lv denied 21 NY3d 859 [2013]; Matter of Barnes v Prack, 87 AD3d 1251, *988 1252 [2011; Matter of Barclay v Zolkosky, 78 AD3d 1343, 1344 [2010]). Likewise, the Hearing Officer’s denial of two inmate witnesses was justified given that they were not present during the incident and could not provide relevant testimony (see Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]). Lastly, inasmuch as two correction officers and the Hearing Officer spoke to petitioner and personally confirmed his refusal to attend the dispositional phase of the hearing, we find no error in the Hearing Officer’s continuance of the hearing for this purpose in his absence (see Matter of Williams v Bezio, 79 AD3d 1556, 1557 [2010], lv denied 16 NY3d 710 [2011]; Matter of Morris v Goord, 50 AD3d 1327, 1327 [2008]).
Peters, EJ., Stein, Garry and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.