*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    519022
_____

In the Matter of SHANE HYATT,
                    Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                    _____

        Shane Hyatt, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Clinton County)
to review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, refused a correction officer's
directive to return to his cell and stood with his foot against
the cell door, thereby preventing it from closing.  As a result,
he was charged in a misbehavior report with refusing a direct
order, harassment, interference with an employee, refusal of a
search or frisk, and a movement regulation violation.  Following
a tier III disciplinary hearing, petitioner was found guilty of
refusing a direct order and a movement regulation violation, but
not guilty of the remaining charges.  The determination was
affirmed upon administrative appeal, and this CPLR article 78

proceeding ensued.

We confirm. The detailed misbehavior report, testimony of the correction officer who authored the report and video of the incident provide substantial evidence to support the determination of guilt (see Matter of Smith v Quinn, 120 AD3d 1509, 1510 [2014]; Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 107 AD3d 1263, 1263 [2013]). Contrary to petitioner's claim, the written statement setting forth the evidence relied upon adequately complied with the regulatory requirements (see 7 NYCRR 254.7 [a] [5]; Matter of Gonzalez v Annucci, 122 AD3d 1203, 1204 [2014]; Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]). Further, the record establishes that petitioner's right to present witnesses was not infringed (see generally Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court