*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                 521612
_____

In the Matter of ANTOINE
    TAYLOR,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Supervision,
                    Respondent.
_____

Calendar Date:   May 3, 2016

Before:   McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____

        Antoine Taylor, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner refused several direct orders to stand behind a
gate and then attempted to strike the correction officer who gave
the orders.  He was accordingly charged in a misbehavior report
with violent conduct, creating a disturbance, refusing a direct
order and violating movement procedures.  Following a tier III
disciplinary hearing, petitioner was found guilty as charged.
The determination was upheld upon administrative appeal, and this

CPLR article 78 proceeding ensued.[1]

We confirm. Initially, petitioner claims that he was denied adequate employee assistance due to his assistant's failure to provide him with certain documentary evidence and to interview certain prison staff. To the contrary, the record establishes that petitioner received the requested documents when they were available. As for the correction officers requested by petitioner who testified as witnesses at the hearing, petitioner has failed to indicate how he was prejudiced by the assistant's purported failure to interview those individuals prior to the hearing. We therefore find that petitioner was provided meaningful assistance and has not shown that he was prejudiced by his assistant's alleged inadequacies (see Matter of Shoga v Annucci, 132 AD3d 1027, 1028 [2015]; Matter of West v Costello, 270 AD2d 673, 674 [2000]). Petitioner further argues that he was improperly denied the right to call relevant inmate witnesses, but the record establishes that the requested witnesses executed refusal forms noting their reasons for not wanting to testify, after which the Hearing Officer personally interviewed the requested witnesses and verified that information (see Matter of Rodriguez v Annucci, 136 AD3d 1083, 1084 [2016]; Matter of Thurmond v Fischer, 112 AD3d 1234, 1235 [2013]). Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Harris v Piccolo, 122 AD3d 1044, 1045 [2014]; Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]). We have considered petitioner's remaining arguments and find them to be unpersuasive.

McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ., concur.

---

[1] Although the petition raises the issue of substantial evidence and was properly transferred to this Court, petitioner has abandoned this issue by not raising it in his brief (see Matter of Pilet v Annucci, 128 AD3d 1198, 1198 n [2015]; Matter of Davila v Prack, 113 AD3d 978, 978 n [2014], lv denied 23 NY3d 904 [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court