## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 28, 2016                    522435
_____

In the Matter of SHAREF REDMON,
                    Petitioner,

        v                                       MEMORANDUM AND JUDGMENT

JOSEPH T. SMITH, as
    Superintendent of Shawangunk
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  June 6, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

_____

        Sharef Redmon, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty, following a tier III disciplinary hearing, of assault on a visitor and violating visiting room guidelines after he was observed by a correction officer slapping his visitor in the face in the honor visiting room.  The incident was captured on a video recording, which was played at the hearing.  The determination was upheld on administrative appeal.

Contrary to petitioner's claim, the video recording and testimony of the correction officer who witnessed the incident provided substantial evidence to support the determination (see Matter of Hyatt v Annucci, 127 AD3d 1479, 1480 [2015]). The visitor's testimony denying that petitioner slapped her and petitioner's explanation for the incident presented credibility questions for the Hearing Officer to resolve, aided by the video recording (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]). The discrepancy between the misbehavior report and the video recording as to which hand petitioner used to slap the victim was resolved at the hearing, after the video recording was viewed, through the correction officer's testimony that the video was accurate, and no prejudice resulted to petitioner (see generally Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]; Matter of Edwards v Goord, 12 AD3d 1002, 1003 [2004]).

Petitioner's procedural claims regarding his employee assistant and the unusual incident report are unpreserved for our review as they were not raised at the hearing and may not be considered (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). The suspension of petitioner's visitation privileges was made in accordance with Department of Corrections and Community Supervision Directive No. 4403 (VII) [http://www.doccs.ny.gov/Directives/4403.pdf], which provides that visitation privileges may be suspended for up to one year based upon an inmate's assault on a visitor (see 7 NYCRR 270.2 [B] [26] [i] [rule 180.10]). Finally, the record reflects that the determination of guilt flowed from the compelling evidence and not from any hearing officer bias (see Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]).

Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court