*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 2, 2017                    523035
_____

In the Matter of RAYMOND
    GASTON,
                        Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____

Calendar Date:   November 29, 2016

Before:  Peters, P.J., McCarthy, Lynch, Clark and Mulvey, JJ.

_____

        Raymond Gaston, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Superintendent of Shawangunk
Correctional Facility finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner was charged in a misbehavior report with
possessing an altered item and damaging state property.
According to the misbehavior report, petitioner used rubber pads
that appeared to be cut from the interior of an athletic ball
while exercising in the recreation yard of the correctional
facility.  Following a tier II disciplinary hearing, petitioner
was only found guilty of possessing an altered item.  That

determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. To the extent challenged by petitioner, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]; Matter of Mitchell v Fischer, 81 AD3d 1013, 1014 [2011]). We are unpersuaded by petitioner's contention that he was denied the right to call two inmate witnesses. Each of these inmates signed witness refusal forms, one indicating that he was not present and the other that he did not know anything about the event. Both inmates, however, added that they did not want to testify over concerns of retaliation by the correction officer who wrote the misbehavior report. After petitioner emphasized each inmate's retaliation concern, the Hearing Officer interviewed both witnesses and confirmed their statements. While the Hearing Officer failed to inquire further as to the reason for the retaliation concern, since neither inmate raised any contention of actual coercion, we conclude that petitioner's right to "call witnesses on his behalf" was not violated (7 NYCRR 254.5 [a]; see Wolff v McDonnell, 418 US 539, 566 [1974]; Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Taylor v Annucci, 140 AD3d 1433, 1434 [2016]; Matter of Rodriguez v Annucci, 136 AD3d 1083, 1084 [2016]). Contrary to petitioner's contention, the record establishes that his retaliation defense was considered by the Hearing Officer. The fact that the Hearing Officer resolved such credibility issue adversely to petitioner is not indicative of bias (see Matter of Amaker v Bezio, 98 AD3d 1146, 1146 [2012]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, P.J., McCarthy, Lynch, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court