Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an inmate, was involved in a three-man assault with a razor on another inmate, after which he was charged in two misbehavior reports with violating various prison disciplinary rules. In the first misbehavior report, authored by the correction officer who witnessed the incident, petitioner was charged with violent conduct, fighting, creating a disturbance and refusing to obey a direct order. The second misbehavior report — authored by the correction officer who had investigated recent facility unrest and who reviewed video footage of the incident — charged petitioner with assaulting an inmate, possessing a weapon and gang activity. Following a hearing held on both misbehavior reports, petitioner was found guilty of all charges. On administrative appeal, the determination of guilt was upheld as to all charges except for the gang activity charge, which was reversed without any modification to the penalty imposed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports, hearing testimony and documentary evidence, as well as the video of the incident, provide substantial evidence supporting the determination of guilt (see Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]; Matter of Rivera v Fischer, 118 AD3d 1194, 1195 [2014]). The ambiguity in the video alleged by petitioner regarding his role in the incident raised a credibility issue for the Hearing Officer to decide, and was resolved by the evidence produced at the hearing, including the testimony of the correction officer who witnessed the incident (see Matter of Redmon v Smith, 141 AD3d 1071, 1071 [2016]; Matter of Thousand v Prack, 139 AD3d 1212, 1212 [2016]).
*1444 Turning to petitioner’s procedural arguments, we find that petitioner received adequate employee assistance. The record reflects that petitioner’s assistant interviewed petitioner’s requested witness, who stated that he did not want to testify, and the Hearing Officer either provided petitioner with an opportunity to view the relevant documentary evidence at the hearing, including the video of the incident, or read into the record the requested documents. Contrary to petitioner’s contention that he was denied the right to call his requested witness at the hearing, that witness — the victim of the assault — never agreed to testify, was twice asked to testify and refused each time, and the Hearing Officer made a sufficient inquiry on the record of the correction officer who ascertained the inmate’s reason for refusing to testify (see Matter of Cortorreal v Annucci, 28 NY3d 54, 58-60 [2016]; Matter of Gaston v Annucci, 147 AD3d 1131, 1131 [2017]). Moreover, the Hearing Officer provided several reasons on the record for her determination that a letter that petitioner provided, which he alleged was authored by the witness, was not authentic. Furthermore, our review of the record establishes that the determination of guilt flowed from the evidence presented at the hearing and not from any alleged bias of the Hearing Officer (see Matter of Harding v Prack, 118 AD3d 1231, 1232 [2014]; Matter of Lamage v Fischer, 100 AD3d 1176, 1177 [2012]). Petitioner’s remaining contentions have been considered and found to be lacking in merit.
Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.