■ In the Matter of MITCHELL KALWASINSKI, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [54 NYS3d 888]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

When two correctional officers who were making security rounds approached the window to petitioner's cell, petitioner stepped in front of the cell door window to obstruct the view into the cell and refused multiple orders to move away from the window to permit the officers to observe the inside of the cell. As a result of the incident, petitioner was charged with refusing direct orders, interfering with an employee and obstructing visibility. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and hearing testimony from the authors of that report, as well as the video of the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Harriott v Koenigsmann*, 149 AD3d 1440, 1441 [2017]; *Matter of Fero v Prack*, 110 AD3d 1128, 1128 [2013]; *Matter of Barnes v Fischer*, 93 AD3d 967, 967 [2012]; *Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]). Petitioner's claim that the misbehavior report was authored in retaliation for a previous grievance that he had filed raised a credibility issue for the Hearing Officer to resolve (*see Matter of Telesford v Annucci*, 145 AD3d 1304, 1305 [2016]; *Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision*, 107 AD3d 1263, 1263 [2013]).

Turning to petitioner's procedural contention that he was denied adequate employee assistance, the record reflects that petitioner met with his employee assistant, who assisted petitioner with obtaining the video of the incident and making a request for the authors of the misbehavior report to testify at

the hearing (*see Matter of Hutchinson v Annucci*, 149 AD3d 1443, 1444 [2017]). We therefore find that petitioner was provided meaningful assistance and, moreover, that he has not shown how a physical reconstruction of the incident would have been relevant or how he was prejudiced by his assistant's alleged failure to facilitate that reconstruction. Furthermore, our review of the record establishes that the determination of guilt flowed from the evidence presented at the hearing and not from any alleged bias of the Hearing Officer (*see Matter of Taylor v Annucci*, 140 AD3d 1433, 1434 [2016]). We have considered petitioner's remaining arguments and find them to be without merit.

Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.