Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in three misbehavior reports with violating various prison disciplinary rules. The first misbehavior report charged him with lewd exposure stemming from an incident where petitioner was advised that a female correction officer was on the floor to do a count and, when she got to his cell, he was urinating at the toilet positioned in a way that his penis was exposed to the officer. The second misbehavior report charged him with assaulting a staff member, making threats and refusing a direct order. According to that misbehavior report, petitioner was being escorted to the special housing unit when he advised the escorting officer that he had been diagnosed with AIDS and began pinching the officer’s wrist in an attempt to break the skin with his fingernail. The officer had to give several orders to petitioner to stop and let go before petitioner complied. In the third misbehavior report, petitioner was charged with making threats after he informed a facility nurse that he was going on a hunger strike and that he would bite any staff member that came near him.
 

 Following a combined tier III disciplinary hearing, petitioner was found not guilty of making threats as charged in the second misbehavior report, but guilty of the remaining charges. The determination was affirmed on administrative appeal, with a modified penalty, and this CPLR article 78 proceeding ensued.
 

 We confirm. Initially, the misbehavior reports, the hearing testimony and the video of the incident referenced in the second misbehavior report provide substantial evidence supporting the determination of guilt (see Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 853 [2017]; Matter of Hutchinson v Annucci, 149 AD3d 1443, 1443 [2017]). We find no error in the Hearing Officer’s denial of petitioner’s request to recall the author of the first misbehavior report, as the information sought was irrelevant to the determination (see Matter of Valerio v New York State Dept. of Correctional Servs., 67 AD3d 1228, 1228 [2009]; Matter of Parkinson v Selsky, 49 AD3d 985, 986 [2008]). Finally, petitioner was not denied the right to present evidence in the form of a videotape of the incident referenced in the third misbehavior report as it was not available (see Matter of Hyatt v Annucci, 141 AD3d 977, 979 [2016]; Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]). Petitioner’s remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
 

 Peters, P.J., Garry, Lynch, Devine and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.