Matter of Caraway v Annucci (2018 NY Slip Op 01694)





Matter of Caraway v Annucci


2018 NY Slip Op 01694


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525306

[*1]In the Matter of RAYNARD CARAWAY, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.


Raynard Caraway, Dannemora, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with making threats, creating a disturbance, refusing a direct order and interfering with an employee. According to the report, petitioner became agitated over the order in which inmates were being allowed to shower and told a correction officer, "I got people on the outside to take care of you and your family." Following a tier III hearing, petitioner was found guilty of making threats, but not guilty of the remaining charges. The determination was affirmed on administrative appeal, and this
CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; Matter of Sunkes v Russo, 153 AD3d 994, 995 [2017]). The testimony of petitioner and his inmate witnesses that petitioner never threatened the correction officer presented a credibility issue for the Hearing Officer to resolve (see Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]; Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]). Contrary to petitioner's contention, his retaliation defense was considered by the Hearing Officer, and the fact that this credibility issue was resolved adversely to petitioner does not establish that the Hearing Officer was biased or that petitioner was otherwise denied a fair hearing (see Matter of Gaston v Annucci, 147 AD3d 1131, 1132 [2017]; Matter of Amaker v Bezio, 98 AD3d 1146, 1146 [2012]). Finally, we find nothing inconsistent with petitioner being found guilty of making [*2]threats, but not guilty of the remaining charges (see Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]; Matter of Jackson v Goord, 8 AD3d 852, 853 [2004]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.
ADJUDGED that the determination is affirmed, without costs, and petition dismissed.