Matter of Rosado v Venettozzi (2018 NY Slip Op 02867)





Matter of Rosado v Venettozzi


2018 NY Slip Op 02867


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525630

[*1]In the Matter of RICARDO ROSADO, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Ricardo Rosado, Alden, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, received a misbehavior report charging him with committing an unhygienic act, engaging in violent conduct, participating in a demonstration and creating a disturbance based upon allegations that he threw his food tray, water and other items out of his cell at the same time as inmates in neighboring cells. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative
review, the finding of guilt with respect to the charge of engaging in violent conduct was reversed and petitioner's penalty was reduced. Thereafter, he commenced this CPLR article 78 proceeding.
We confirm. Initially, we note that, because he failed to raise the issue in his brief, petitioner has abandoned any claim with respect to the charge of creating a disturbance (see Matter of Rodriguez v Venettozzi, 156 AD3d 1029, 1030 [2017]; Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1471-1472 [2017]). Turning to the remaining charges, the misbehavior report, video of the incident and testimony of the correction officer who viewed the [*2]video and authored the report provide substantial evidence to support the finding of guilt (see Matter of Cordero v Rodriguez, 156 AD3d 979, 979 [2017]; Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 853 [2017]). Although petitioner argues that his actions did not constitute the commission of an unhygienic act, that charge includes "propelling . . . water[] or food" (see 7 NYCRR 270.2 [B] [19] [iv]). Similarly, while petitioner contends that a demonstration did not take place, such could be inferred from the inmates having acted in concert (see e.g. Matter of Washington v Lee, 156 AD3d 1033, 1034 [2017]; Matter of Sunkes v Russo, 153 AD3d 994, 995 [2017]). Lastly, the misbehavior report was sufficiently detailed to provide petitioner with notice of the charges to enable him to prepare a defense (see Matter of Washington v Lee, 156 AD3d at 1034; Matter of Heard v Annucci, 155 AD3d 1166, 1167 [2017]). Petitioner's remaining claims have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.