■ In the Matter of JAMES C. TELFORD, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 698]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer turned down the volume of a television that petitioner was watching in the recreation room, petitioner became verbally abusive and engaged in disruptive behavior in the presence of other inmates. As a result, he was charged in a misbehavior report with refusing a direct order, creating a disturbance, engaging in harassment, interfering with an employee and engaging in a demonstration. Following a tier III disciplinary hearing, he was found guilty of all charges

except refusing a direct order. The determination was modified on administrative appeal and the charge of engaging in a demonstration was dismissed. Petitioner then commenced this CPLR article 78 proceeding challenging the modified determination.

Initially, respondent concedes, and we agree, that the charge of interfering with an employee is not supported by substantial evidence in the record (*see Matter of Ramirez v Schultz*, 13 AD3d 457 [2004]). Accordingly, the determination is annulled to that extent and all references thereto are expunged from petitioner's institutional record (*see Matter of Rodriguez v Selsky*, 48 AD3d 851, 852 [2008]). Inasmuch as petitioner has served the penalty and no loss of good time was recommended, the matter need not be remitted for a reassessment of the penalty (*see Matter of Rizzuto v Goord*, 36 AD3d 1124, 1124 [2007]).

We do find, however, that the remainder of the determination is supported by substantial evidence in the form of the misbehavior report and the testimony of the correction officers familiar with the incident (*see Matter of Lara v Dubray*, 52 AD3d 1143, 1144 [2008]; *Matter of Lashley v Goord*, 39 AD3d 1105 [2007]). The contrary testimony of petitioner and his witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]). Petitioner's remaining contentions have not been preserved for our review.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.