■ In the Matter of HARRY WILSON, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, et al., Respondents. [896 NYS2d 269]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was among a group of 36 prison inmates who were being escorted through the facility to attend religious services. After an incident involving one of the inmates stopped the group, petitioner, along with the others, refused to proceed for approximately five minutes, despite several direct orders from correction officers to do so. Finally, petitioner and the other inmates continued to the services without further incident. Following a tier III disciplinary hearing, petitioner was found guilty of demonstrating, threatening violent conduct, creating a disturbance, refusing a direct order and violating inmate move-

---

ment rules and was assessed a penalty of 100 days in the special housing unit and the recommended loss of three months of good time. On administrative appeal, the determination was modified to expunge the guilty findings for demonstrating and threatening violent conduct, but was otherwise affirmed, including the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.

We affirm. The detailed misbehavior report, along with the testimony adduced at the hearing and the additional investigative reports provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]; *Matter of Estevez v Fischer*, 63 AD3d 1402, 1403 [2009]). While petitioner now contends that he was denied the right to call as a witness the correction officer who was working in the law library on the day of the incident, the hearing transcript reveals that, given ample opportunity, he specifically declined to call additional witnesses (*see Matter of Dixon v Brown*, 62 AD3d 1223, 1224 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Retamozzo v New York State Dept. of Correctional Servs.*, 31 AD3d 1083 [2006]). With regard to petitioner's challenge to the severity of his penalty, we do not find it so shocking to one's sense of fairness as to be excessive (*see Matter of Martinez v Goord*, 48 AD3d 851 [2008]; *Matter of Rivera v Goord*, 38 AD3d 964, 964-965 [2007]). Petitioner's remaining contentions are unpreserved for our review inasmuch as they are raised here for the first time (*see Matter of Gibson v Fischer*, 56 AD3d 916, 916 [2008]; *Matter of Sinanaj v Goord*, 48 AD3d 848, 848 [2008]).

Cardona, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.