■ In the Matter of DAVID REDMOND, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [983 NYS2d 907]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner did not provide a urine specimen for testing, as he was ordered to do, despite being given three eight-ounce glasses of water and three hours within which to provide a specimen. He was charged in a misbehavior report with refusing a direct order and violating urinalysis testing procedures, was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and petitioner's admission that he did not produce the specimen provide substantial evidence supporting the determination of guilt (*see Matter of Becker v Goord*, 13 AD3d 947, 948 [2004]). Although petitioner claimed that he was unable to provide the specimen due to a medical condition, he submitted no evidence to substantiate his claim and his testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]). Petitioner's remaining contentions have been considered and are lacking in merit.

Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.