*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518711
_____

In the Matter of RAMON PEQUERO,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision, et al.,
                    Respondents.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, Garry, Lynch and Clark, JJ.

                    _____

          Ramon Pequero, Wallkill, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

          After a correction officer gave a five-minute warning to a religious group that their one-hour service was to be completed, the group's inmate facilitator approached the officer and claimed that their time was being cut short and made certain remarks to the group that the officers were "cutting our time" and "we need to take care of this sh*t."  In response, all of the inmates, including petitioner, stood up and joined in the demonstration, clapping and talking loudly.  Petitioner was charged in a misbehavior report with creating a disturbance, interference with

an employee and leading inmates in actions detrimental to the facility. Following a tier III disciplinary hearing, petitioner was found guilty of creating a disturbance and not guilty of the other charges, and a penalty was imposed, which was upheld on administrative review. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and testimony of its author, the correction officer who gave the warning and observed the group's response, constituted substantial evidence to support the determination (see Matter of Wilson v Artus, 71 AD3d 1294, 1294-1295 [2010]). The officer's testimony established that petitioner was present in the group, as petitioner conceded, and that, after the facilitator's remarks to the group, all of the inmates, including petitioner, stood up and started saying things loudly and clapping, disturbing the order of the program area. The fact that the officer did not specifically see petitioner talking or recall what he said did not undermine the finding that he participated in creating a disturbance. Contrary to petitioner's claim, the misbehavior report was sufficiently specific and indicated the role he played in the disturbance (see 7 NYCRR 251-3.1 [c] [1-4]), and the charge of creating a disturbance did not require that the particular words spoken by petitioner be identified (see 7 NYCRR 104.13). The remaining contentions are either unpreserved or without merit.

Lahtinen, J.P., Stein, Garry, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court