Proceeding pursuant to CPLR article 78 (transferred to this *993 Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
After a correction officer gave a five-minute warning to a religious group that their one-hour service was to be completed, the group’s inmate facilitator approached the officer and claimed that their time was being cut short and made certain remarks to the group that the officers were “cutting our time” and “we need to take care of this sh*t.” In response, all of the inmates, including petitioner, stood up and joined in the demonstration, clapping and talking loudly. Petitioner was charged in a misbehavior report with creating a disturbance, interference with an employee and leading inmates in actions detrimental to the facility. Following a tier III disciplinary hearing, petitioner was found guilty of creating a disturbance and not guilty of the other charges, and a penalty was imposed, which was upheld on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony of its author, the correction officer who gave the warning and observed the group’s response, constituted substantial evidence to support the determination (see Matter of Wilson v Artus, 71 AD3d 1294, 1294-1295 [2010]). The officer’s testimony established that petitioner was present in the group, as petitioner conceded, and that, after the facilitator’s remarks to the group, all of the inmates, including petitioner, stood up and started saying things loudly and clapping, disturbing the order of the program area. The fact that the officer did not specifically see petitioner talking or recall what he said did not undermine the finding that he participated in creating a disturbance. Contrary to petitioner’s claim, the misbehavior report was sufficiently specific and indicated the role he played in the disturbance (see 7 NYCRR 251-3.1 [c] [l]-[4]), and the charge of creating a disturbance did not require that the particular words spoken by petitioner be identified (see 7 NYCRR 270.2 [B] [5] [iv]). The remaining contentions are either unpreserved or without merit.
Lahtinen, J.P., Stein, Garry, Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.