*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014        518694
_____

In the Matter of ANTHONY
    ORTEGA,
                        Petitioner,

        v

ANTHONY ANNUCCI, as Commissioner        MEMORANDUM AND JUDGMENT
    of Corrections and
    Community Supervision,
                        Respondent.
_____

Calendar Date:   September 16, 2014

Before:  Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ.

                    _____


        Anthony Ortega, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        Petitioner, an inmate, was charged with losing state
property after he reported that certain items were missing from
his locker, including his state-issued razor blade.  Following a
tier III disciplinary hearing, petitioner was found guilty and a
penalty was imposed.  The determination was affirmed upon
administrative appeal, with a later penalty reduction, and
petitioner commenced this CPLR article 78 proceeding.

We confirm. The "factually specific" misbehavior report was authored by the correction officer to whom petitioner reported the items missing and who searched petitioner's locker and confirmed that they were missing (Matter of Amaker v Selsky, 43 AD3d 547, 547 [2007], lv denied 9 NY3d 814 [2007]; see Matter of Hernandez v Goord, 37 AD3d 893, 894 [2007]). We find that the report was, standing alone, "sufficiently relevant and probative" to constitute substantial evidence of the charged misconduct (Matter of Perez v Wilmot, 67 NY2d 615, 616 [1986]; see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Bermudez v Fischer, 107 AD3d 1269, 1270 [2013]). Petitioner's testimony, and that of his inmate witness, that his locker had been broken into created a credibility question for the Hearing Officer to resolve (see Matter of Foster v Coughlin, 76 NY2d at 966; Matter of Pulecio v Fischer, 109 AD3d 1068, 1069 [2013], lv denied 22 NY3d 858 [2014]; Matter of Hoskins v Fischer, 49 AD3d 1009, 1009-1010 [2008]). Contrary to petitioner's claim, the written statement setting forth the evidence relied upon and the reason for the penalty adequately complied with the regulatory requirements and was provided to him at the hearing (see 7 NYCRR 254.7 [a] [5]; Matter of Boynton v Fischer, 105 AD3d 1231, 1231 [2013]). Finally, the Hearing Officer did not shift the burden of proof or exhibit bias toward petitioner when he noted the absence of proof that razor blades recovered from petitioner's housing unit days later belonged to him; even if one of the recovered blades was petitioner's lost blade, this would not undermine his responsibility for losing it in the first instance.

Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court