*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                519191
_____

In the Matter of JESSIE SMITH,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   January 20, 2015

Before:   Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ.

                    _____

        Jessie Smith, Sonyea, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
committing an unhygienic act and disobeying a direct order.  The
misbehavior report relates that, during a strip search,
petitioner notified the correction officer that he needed to use
the restroom.  Although the correction officer directed
petitioner to continue with the strip search, petitioner urinated
on himself and the floor.  At the ensuing tier III disciplinary
hearing, petitioner initially pleaded not guilty to the charges
but subsequently changed his plea to guilty.  Petitioner was
found guilty of the charges and that determination was affirmed

upon administrative appeal.  Petitioner then commenced this CPLR article 78 proceeding.

We confirm.  Given petitioner's plea of guilty to the charges, he is precluded from challenging the sufficiency of the evidence supporting the determination of guilt (see Matter of Campbell v Bedard, 123 AD3d 1278, 1278 [2014]; Matter of Gonzalez v Annucci, 122 AD3d 1203, 1204 [2014]).  Furthermore, to the extent that petitioner claims that he did not recant his original plea of not guilty to the charges, the record clearly belies this contention.  In any event, substantial evidence in the form of the misbehavior report and hearing testimony supports the determination of guilt.  Although petitioner asserts that he is incontinent, there is no medical evidence in the record to support his contention and, under such circumstances, petitioner's explanation presented a credibility issue for the Hearing Officer to resolve (see Matter of Redmond v Fischer, 116 AD3d 1304, 1304 [2014]).

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court