*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 17, 2015                520261
_____

In the Matter of PATRICK SIMS,
                    Petitioner,

        v

                                        MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision, et al.,
                    Respondents.
_____

Calendar Date:   August 10, 2015

Before:   McCarthy, J.P., Garry, Lynch and Devine, JJ.

                    _____

        Patrick Sims, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which found petitioner guilty of
violating certain prison disciplinary rules.

        Through the course of an investigation, correction
officials discovered that petitioner had a telephone conversation
with his wife that included a third party and that, during the
conversation, he directed her to bring drugs into the
correctional facility where he was incarcerated.  When she came
to visit him, she surrendered the drugs that were in her
possession to one of the investigators and indicated that she had
brought drugs into the facility on a prior occasion.  Petitioner
was subsequently charged in a misbehavior report with conspiring

to bring drugs into the facility, soliciting another to smuggle drugs into the facility and engaging in a three-way telephone call. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, including the transcript of the three-way telephone call and the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]). There is no merit to petitioner's claim that the hearing was not completed in a timely manner given that appropriate extensions were obtained and the hearing was completed within the time frame allowed (see Matter of McFadden v Prack, 120 AD3d 853, 855 [2014], lv dismissed 24 NY3d 930 [2014], lv denied, 24 NY3d 908 [2014]; Matter of De La Cruz v Bezio, 107 AD3d 1275, 1276 [2013]). Furthermore, we do not find that petitioner was improperly denied the right to have his wife, who had criminal charges pending against her, testify at the hearing inasmuch as the Hearing Officer made efforts to locate her and have her testify from jail, but personally ascertained from speaking with a sergeant at the jail that she refused and had invoked her right to counsel (see Matter of Lee v Goord, 36 AD3d 1176, 1177 [2007]; see also Matter of Jimenez v Goord, 264 AD2d 918, 918 [1999]). We have considered petitioner's remaining arguments and find that they are either unpreserved for our review or are lacking in merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court