*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                    519889
_____

In the Matter of JOHN RAMOS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

D. VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,
                    Respondents.
_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., Garry, Devine and Clark, JJ.

                    _____


        John Ramos, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        A correction officer observed petitioner involved in a
physical altercation with another inmate.  Both petitioner and
the other inmate disregarded the officer's directive to cease
engaging in such conduct.  As a result, petitioner was charged in
a misbehavior report with fighting, engaging in violent conduct
and refusing a direct order.  Following a tier III disciplinary
hearing, he was found guilty of the charges.  The determination
was later affirmed on administrative appeal with a modified

penalty and this CPLR article 78 proceeding followed.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officers familiar with the incident, provide substantial evidence supporting the determination of guilt (see Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1537, 1537 [2015]; Matter of Nelson v Fischer, 93 AD3d 1059 [2012]). Although petitioner maintained that he was not the aggressor and was only defending himself, and his inmate witnesses backed up his claims, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Smith v Rock, 108 AD3d 889, 889 [2013], lv denied 22 NY3d 854 [2013]). Moreover, we find no merit to petitioner's assertions that he was denied a fair and impartial hearing. Pursuant to 7 NYCRR 254.1, the Hearing Officer was authorized to conduct the hearing, and there is no indication that he was involved in the investigation of the incident or that his review of the final unusual incident report, in his capacity as a captain, required his disqualification (see Matter of Rogers v Prack, 118 AD3d 1223, 1224 [2014], lv granted 24 NY3d 916 [2015]; Matter of Sime v Goord, 30 AD3d 887, 888 [2006], lv denied 7 NY3d 717 [2006]). Furthermore, contrary to petitioner's claim, the penalty imposed, which was reduced on administrative appeal, is not so excessive as to be "'shocking to one's sense of fairness'" (Matter of Taylor v Fischer, 89 AD3d 1298, 1299 [2011], quoting Matter of Phipps v Fischer, 82 AD3d 1396, 1397 [2011]; see Matter of Berry v Fischer, 78 AD3d 1411, 1412 [2010]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Peters, P.J., Garry, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court