*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    521402
_____

In the Matter of HASSAN
    MOHAMED,
                    Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Hassan Mohamed, Beacon, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Following a tier III disciplinary hearing, petitioner was
found guilty of interference with an employee and making a third-
party call.  That determination was affirmed on administrative
appeal and this CPLR article 78 proceeding ensued.

        Initially, respondent concedes, and we agree, that the part
of the determination finding petitioner guilty of interference
with an employee is not supported by the record and, therefore,

the determination must be annulled to that extent.  However, petitioner has served the penalty and no loss of good time was imposed and, therefore, the matter does not need to be remitted (see Matter of Branch v Annucci, 133 AD3d 942, 943 [2015]; Matter of Edwards v Annucci, 131 AD3d 770, 770 [2015]).  With regard to the charge of making a third-party call, the misbehavior report, related documentation, recording of the telephone conversation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Sims v Fischer, 131 AD3d 1314, 1315 [2015]).  Contrary to petitioner's contention, the error in the misbehavior report as to the time of the third-party call did not deprive him of notice of the charges against him nor did it render the misbehavior report invalid (see generally Matter of Sierra v Fischer, 82 AD3d 1436, 1437 [2011]; Matter of Arriaga v Smith, 70 AD3d 1160, 1160 [2010]).  Any alleged inadequacies in the employee assistance was remedied by the Hearing Officer providing the assistant with the documentation at the hearing (see Matter of Lashway v Fischer, 117 AD3d 1141, 1142 [2014]).  Furthermore, our review of the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias of the Hearing Officer (see Matter of Horton v Annucci, 133 AD3d 1002, 1003-1004 [2015]; Matter of Reynolds v LaClair, 89 AD3d 1338, 1339 [2011]).  Petitioner's remaining contentions, including that the misbehavior report was retaliatory in nature, have been reviewed and found to be without merit.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interference with an employee; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court