*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521435
_____

In the Matter of ROBERT
    THOUSAND,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Garry, Egan Jr., Rose and Lynch, JJ.

_____

        Robert Thousand, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        As a group of inmates was proceeding to the meal hall, two inmates began fighting and petitioner, an inmate near the fight, failed to comply with orders to place his hands on the cat walk bar and yelled obscenities.  Petitioner was escorted back to his cell, where he punched a correction officer in the face and a pick-like sharpened weapon was recovered from his hand.  When petitioner's cell was packed up later that night, his state-issued razor could not be located.  Petitioner was charged in a

misbehavior report with assaulting staff, engaging in violent conduct, possessing a weapon, and refusing a direct order as a result of the incident. He was later charged in a second misbehavior report with losing state property related to the missing razor. Following a tier III disciplinary rehearing[1] on both misbehavior reports, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, testimony of four correction officers involved in the incidents, documentary evidence and photographs provide substantial evidence to support the determination of guilt (see Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]). Petitioner's testimony that the allegations were falsified and that the weapon had been planted presented credibility issues for the Hearing Officer to resolve (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]).

With regard to petitioner's procedural claims, we are likewise unpersuaded. The extension of the rehearing was timely requested by the Hearing Officer in order to permit petitioner to receive his requested assistance, and he has not demonstrated any prejudice as a result of the brief delay (see Matter of James v Bezio, 94 AD3d 1312, 1313 [2012]). Contrary to petitioner's claims, he was not denied the right to call inmates as witnesses, as the requested inmates signed witness refusal forms. The Hearing Officer personally questioned the two inmates who had testified at the first hearing but later signed witness refusal forms when asked to testify at the rehearing; both confirmed their unwillingness to testify again and that they had not been pressured into refusing.[2] The Hearing Officer also interviewed a

_____

[1]  The determination following the first tier III disciplinary hearing was reversed on administrative appeal and this rehearing was ordered.

[2]  The first inmate indicated that he was unwilling to testify a second time and the second inmate indicated that he had

third inmate through a correction officer who had questioned him and ascertained that he had voluntarily refused to testify at this rehearing. The Hearing Officer made several unsuccessful efforts to contact a fourth requested inmate who had been paroled, following which petitioner withdrew this request. A fifth inmate (who had not been requested at the first hearing) testified at the rehearing, indicating that he had no recollection of the incident and, despite an opportunity to probe his lack of recall, petitioner declined to ask any questions. Accordingly, we find that there was an adequate inquiry of the witnesses who refused to testify and petitioner's right to call witnesses was protected (see Matter of Vansteenburg v State of N.Y. Dept. of Corrs. & Community Supervision, 128 AD3d 1295, 1296 [2015]; Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]). Further, we do not agree, as petitioner contends, that the determination should have been reversed on administrative appeal based solely upon his submission, for the first time, of unsworn and unsubstantiated letters from the fifth inmate alleging that he had been threatened and coerced not to testify by four unnamed correction officers.

Finally, the record reflects that the Hearing Officer was fair and impartial and that the determination of guilt resulted from the evidence presented at the rehearing rather than from any alleged Hearing Officer bias (see Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]). Petitioner's remaining claims are either unpreserved or lack merit.

Lahtinen, J.P., Garry, Egan Jr., Rose and Lynch, JJ., concur.

---

been asleep at the time of the incident. As the witnesses were not unavailable, we discern no error in the Hearing Officer's denial of petitioner's request to admit into evidence, as direct proof, the purported transcript of the testimony of these witnesses at the first hearing offered by petitioner, which the Hearing Officer was not able to authenticate (see CPLR 4517 [a] [3]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court