*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    522044
_____

In the Matter of JASON A. VEGA,
                    Petitioner,
        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  June 6, 2016

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Mulvey, JJ.

_____

        Jason A. Vega, Altona, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, an inmate, was charged in a misbehavior report with refusing a direct order, interfering with an employee and violating movement regulations.  According to the report, petitioner was in the prison yard when several general orders were given for all inmates to lie face down on the ground.  Petitioner admittedly did not comply and was observed by a correction officer leaning against a chair after the orders were given.  The officer gave petitioner several more orders to lie

down and petitioner ultimately complied.  Following a tier III disciplinary hearing, petitioner was found guilty as charged and this determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

Initially, respondents concede, and we agree, that the part of the determination finding petitioner guilty of interfering with an employee is not supported by the record.  The determination must therefore be annulled to that extent.  As the penalty has been served, and it does not appear that any loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty (see Matter of Hobson v Prack, 127 AD3d 1370, 1371 [2015]).

As to the remaining charges, the misbehavior report and the hearing testimony, including petitioner's admissions, constitute substantial evidence of his guilt (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]; Matter of Clark v Fischer, 114 AD3d 1116, 1116 [2014]).  Petitioner alleges that he was unable to comply with the order because his arm and shoulder were sore due to a recent tetanus shot and that lying flat on the ground was too painful.  There is no medical evidence in the record supporting his contention, however, and, under such circumstances, petitioner's explanation presented a credibility issue for the Hearing Officer to resolve (see Matter of Smith v Annucci, 126 AD3d 1198, 1199 [2015]; Matter of Redmond v Fischer, 116 AD3d 1304, 1304 [2014]).  Finally, there is no support in the record for petitioner's contention that the Hearing Officer was biased or that he was otherwise denied a fair hearing (see Matter of Hand v Greene, 118 AD3d 1245, 1246 [2014]; Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]).  Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be without merit.

Lahtinen, J.P., Garry, Egan Jr., Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court