*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016          522507
_____

In the Matter of RAYNARD
    CARAWAY,
                    Petitioner,

      v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 20, 2016

Before:  McCarthy, J.P., Rose, Clark and Mulvey, JJ.

_____

        Raynard Caraway, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was observed fighting with another inmate and
disobeyed several commands to cease punching the other inmate,
prompting a correction officer to use a baton strike to subdue
petitioner.  Shortly thereafter, petitioner was observed
discarding a 1½-inch by 1½-inch razor into a drainage block.  As
a result of this incident, petitioner was charged in a
misbehavior report with fighting, refusing a direct order,
engaging in violent conduct, possessing an altered item,
assaulting an inmate and possessing a weapon.  At the ensuing
tier III disciplinary hearing, petitioner pleaded guilty to

fighting and, at the conclusion of the hearing, was found guilty of the remaining charges. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Initially, given petitioner's plea of guilty to the charge of fighting, he is precluded from challenging the determination as to that charge (see Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]; Matter of Smith v Annucci, 126 AD3d 1198, 1198 [2015]). As to the remaining charges, the misbehavior report, the testimony of several correction officers who were involved and familiar with the incident, the photographic evidence and the confidential documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Thousand v Prack, 139 AD3d 1212, 1212 [2016]; Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Moreno v Fischer, 100 AD3d 1167, 1167 [2012]). Inasmuch as petitioner denied cutting the other inmate with a razor and claimed that he was not the aggressor and was only defending himself, his varying narrative of the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of Hyatt v Annucci, 141 AD3d 977, 978 [2016]; Matter of Ramos v Venettozzi, 131 AD3d at 1310).

Turning to petitioner's remaining contentions, we reject his claim that the misbehavior report did not adequately give him notice of the charges against him. In our view, the misbehavior report was sufficiently specific and provided adequate information to discern petitioner's role in the incident so as to afford him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c] [1], [4]; Matter of Pequero v Fischer, 122 AD3d 992, 993 [2014]; Matter of Basbus v Prack, 112 AD3d 1088, 1088 [2013]). The record also establishes that the Hearing Officer afforded petitioner an adequate opportunity at the hearing to review the available documentation that he was permitted to view, including the unusual incident report (see Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]; Matter of Chavis v Goord, 58 AD3d 954, 955 [2009]). We further reject petitioner's contention that he was denied adequate employee assistance given that the Hearing Officer remedied any deficiencies, and petitioner has not demonstrated that he was prejudiced thereby (see Matter of

McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]).  To the extent that petitioner argues otherwise, he was not prejudiced by the fact that the misbehavior report was not endorsed by Correction Officer Deblasi given that this officer testified at the hearing (see Matter of Wilson v Annucci, 138 AD3d 1335, 1335 [2016]; Matter of Cane v Fischer, 115 AD3d 1097, 1098 [2014]).  In any event, Deblasi testified that he only witnessed a portion of the incident, and the Hearing Officer's disposition did not rely upon Deblasi's testimony.  We have considered petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, and we find them to be unpersuasive.

    McCarthy, J.P., Rose, Clark and Mulvey, JJ., concur.


    ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court