■ In the Matter of David Kirton, Petitioner, v Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent. [51 NYS3d 265]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After petitioner was observed placing an unknown object in his pants pocket in the mess hall, a correction officer gave him several direct orders to show him what was in his pocket and, in response, petitioner slid the object under his food tray and denied having anything. When the officer tried to retrieve the object, petitioner moved over to block the officer from doing so.

The officer used force to retrieve the object, an envelope that appeared to be salt that tested negative for controlled substances. After several direct orders to get on the wall, petitioner complied and was removed from the mess hall.

Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, violating mess hall procedures and interfering with an employee and not guilty of creating a disturbance and violating frisk procedures. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, the misbehavior report, video of the incident and documentary evidence provide substantial evidence to support the determination of guilt as to the charges of refusing a direct order and interference with an employee* (see Matter of Bailey v Prack, 125 AD3d 1028, 1028 [2015]; Matter of Dizak v Prack, 120 AD3d 1472, 1473 [2014], lv denied 24 NY3d 916 [2015]). However, as respondent concedes, and we agree, there is insufficient evidence that petitioner violated mess hall procedures and, therefore, the determination should be annulled to that extent. Since petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for resentencing (see Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]).

There is no merit to petitioner's claim that he was deprived of the right to call certain witnesses. After petitioner requested that four inmates be called as witnesses, identified only by nicknames, the Hearing Officer designated a correction officer to try to identify and produce them. After several adjournments and multiple inquiries by the correction officer, two of the potential witnesses were located, one of whom testified, and the other, who had not previously agreed to testify, signed a refusal form providing a specific reason for his refusal (see Matter of Cortorreal v Annucci, 28 NY3d 54, 58-59 [2016]). With regard to the other two requested inmate witnesses, the record reflects that the officer made repeated and reasonable efforts, although unsuccessful, to identify and locate them by inquiring in the mess hall where one worked and the cell block

---

* While respondent takes the position that the interference with an employee determination is not supported by substantial evidence, we cannot agree. The proof demonstrated that, after petitioner failed to comply with direct orders to turn over the requested item and attempted to conceal it under his tray, he further used his body to block the correction officer's efforts to retrieve the item, necessitating the officer's use of force to gain possession of it (see Matter of Dizak v Prack, 120 AD3d 1472, 1473 [2014], lv denied 24 NY3d 916 [2015]; Matter of Fragosa v Moore, 93 AD3d 979, 979-980 [2012]).

where petitioner indicated the other was housed, but the officer was unable to identify them (see Matter of Williams v Annucci, 142 AD3d 1213, 1214 [2016]; Matter of Stephens v Lee, 115 AD3d 964, 964 [2014]). Petitioner's remaining contentions, including that he did not receive adequate employee assistance, have been reviewed and determined to lack merit.

Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating mess hall procedures; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.