■ In the Matter of John Jay Santiago, Petitioner, v Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [50 NYS3d 891]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

A cell frisk of petitioner's prison cell revealed a hidden weapon in the form of a 5¼-inch-long eyeglass arm with a sharpened metal point at the end. As a result, petitioner was charged in a misbehavior report with possessing a weapon or dangerous instrument, possessing an altered item and altering state property. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon or dangerous instrument and possessing an altered item, and the altering state property charge was dismissed. Upon administrative

review, that determination was upheld. This CPLR article 78 proceeding ensued.*

We confirm. Contrary to petitioner's contention, we cannot agree that he was improperly denied his right to observe the search of his cell. Our review of the confidential information submitted for in camera review reveals that the order to remove petitioner from his cell during the search was based upon a determination that his presence would have constituted a safety or security risk. Under these circumstances, petitioner was properly denied the right to observe the search of his cell and his removal during the search was not in violation of Department of Corrections and Community Supervision Directive No. 4910 (*compare Matter of Kirby v Annucci*, 147 AD3d 1134, 1135 [2017]; *Matter of Mingo v Chappius*, 106 AD3d 1160, 1161 [2013]).

Peters, P.J., Rose, Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* While the verified petition does not appear to raise a question of substantial evidence, thereby rendering the transfer of this proceeding improper, we nevertheless retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Mercer v Venettozzi*, 142 AD3d 1246, 1247 n [2016]; *Matter of Allen v Venettozzi*, 139 AD3d 1208, 1208 n [2016]).