■ In the Matter of WINFRED TAYLOR, Petitioner, v WILLIAM A. LEE, as Superintendent of Eastern N.Y. Correctional Facility, Respondent. [59 NYS3d 835]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While in the facility's crowded mess hall, petitioner raised his right hand in the air with a clenched fist to acknowledge his solidarity with, and support of, two other inmates who were also present in the mess hall. The gesture alarmed prison staff and resulted in the disruption of inmate movement for approximately 15 minutes. As a result of the incident, petitioner was charged in a misbehavior report with demonstrating, creating a disturbance and interfering with an employee. Following a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and interfering with an employee and not guilty of demonstrating. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.

The misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt as to the charge of creating a disturbance (*see Matter of Pequero v Fischer*, 122 AD3d 992, 993 [2014]; *Matter of Orr v Selsky*, 263 AD2d 742, 742 [1999]). Petitioner's claim that he raised his fist as a friendly greeting and that he did not raise his fist to show power and solidarity with his peers presented a credibility issue for the Hearing Officer to resolve (*see e.g. Matter of Tigner v Annucci*, 147 AD3d 1138, 1139 [2017]).

However, as to the charge of interfering with an employee, while the evidence establishes that prison staff were alarmed by petitioner's gesture resulting in additional staff reporting to the mess hall, we agree with petitioner that these facts, standing alone, do not constitute substantial evidence to support the finding that petitioner "physically or verbally obstruct[ed] or interfere[d] with an employee," and, therefore, the determination should be annulled to that extent (7 NYCRR 270.2 [B] [8] [i]; *see Matter of Vega v Prack*, 141 AD3d 1059, 1059 [2016]; *Matter of Telford v Fischer*, 67 AD3d 1109, 1109-1110 [2009]). While the normal duties of the prison staff were presumably interrupted or redirected when they responded to the incident in the mess hall, this, in our view, is not the type of conduct that the at-issue rule was designed to prevent (*see Matter of Tevault v Fischer*, 61 AD3d 1161, 1162-1163 [2009]). Since petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for resentencing (*see Matter of Kirton v Annucci*, 149 AD3d 1370, 1371 [2017]; *Matter of Mohamed v Prack*, 137 AD3d 1402, 1403 [2016]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.

Garry, J.P., Egan Jr., Devine, Rumsey and Pritzker, JJ.,

concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.