Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 After petitioner was removed from his quarters in order to be subjected to a strip frisk, a correction officer observed an unknown white object wrapped in tissue between petitioner’s buttocks. When the officer ordered petitioner to remove the object, petitioner refused to comply and placed a hand over his buttocks. As a result, petitioner was charged in a misbehavior report with refusing a direct order and failing to comply with frisk procedures. Thereafter, correction officers entered petitioner’s quarters, removed the items therein and took them to a gymnasium. The items were then searched by a correction officer, who discovered a suboxone strip wrapped in a towel. As a result, petitioner was charged in a second misbehavior report with possessing drugs and possessing unauthorized medication. After a tier III disciplinary hearing, petitioner was found guilty of the charges. Petitioner’s administrative appeal was rejected, and he thereafter commenced this CPLR article 78 proceeding.
 

 Initially, we agree with petitioner that the record does not reveal a proper basis upon which he was denied the right to observe the search of his quarters. Department of Corrections and Community Supervision (hereinafter DOCCS) Directive No. 4910 (V) (D) (1) provides that “[i]f [an] inmate is removed from quarters prior to [a] search, he or she shall be placed outside the immediate area to be searched, but allowed to observe the search.” However, Directive No. 4910 (V) (D) (1) provides an exception to the foregoing rule, and an inmate shall not be given the opportunity to observe the search, if a supervisory security staff member is of the opinion that the inmate presents a danger to the safety and security of the facility and the staff member documents the reason for that determination. Here, petitioner was not afforded the opportunity to observe the search of his quarters after he was removed from them, and the record contains no indication that a supervisor determined that petitioner posed a danger to the security of the facility (compare Matter of Santiago v Venettozzi, 149 AD3d 1429, 1430 [2017]). As DOCCS must adhere to its own regulations, and given that the record does not support the conclusion that DOCCS complied with Directive No. 4910, the determination as to the charges that resulted from the search of petitioner’s quarters—that petitioner was guilty of possessing drugs and possessing unauthorized medication— must be annulled and those matters expunged from petitioner’s institutional record (see Matter of Mingo v Chappius, 106 AD3d 1160, 1161 [2013]; Matter of Holloway v Lacy, 263 AD2d 740, 741 [1999]). Given that petitioner served the penalty and no loss of good time was imposed, the matter need not be remitted (Matter of Taylor v Lee, 152 AD3d 1125, 1126 [2017]; Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]).
 

 Nonetheless, as to the remainder of the charges, which related to a frisk of petitioner that preceded the search of his quarters, the relevant misbehavior report, the unusual incident report and supporting documentation provide substantial evidence to support the determination that petitioner was guilty of refusing a direct order and failing to comply with frisk procedures (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1374 [2015]; Matter of James v Goord, 38 AD3d 1074, 1074 [2007]). The foregoing determination renders academic petitioner’s claim that he was improperly denied a witness who would have testified regarding the drug charges, and petitioner’s remaining contentions have been considered and are found to be without merit.
 

 McCarthy, J.P., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs and possessing unauthorized medication; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner’s institutional record; and, as so modified, confirmed.