Matter of Cowart v Burnett (2018 NY Slip Op 01976)





Matter of Cowart v Burnett


2018 NY Slip Op 01976


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525274

[*1]In the Matter of FLOYD COWART, Petitioner,
v
E. BURNETT, as Deputy Superintendent of Security at Sullivan Correctional Facility, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Floyd Cowart, Fallsburg, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with being out of place after it was discovered during a high profile/high risk identification check that he was not at his assigned work program at the designated time. Following a tier II disciplinary hearing, petitioner was found guilty and the determination was affirmed on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Taylor v Lee, 152 AD3d 1125, 1126 [2017]; Matter of McBride v Annucci, 142 AD3d 1218, 1219 [2016]). Petitioner testified that he was given permission that day by a correction officer to go to a different work location. According to that correction officer's testimony, however, after petitioner requested that he be allowed to go to a different location, the officer told petitioner that "as long as the block officer knew where [petitioner] was[, he] had no problem with it." The officer further testified that petitioner replied that the block officer was aware of him going to a different location and he therefore allowed petitioner to go. The block officer, who authored the misbehavior report, testified that she was never made aware of petitioner seeking or having permission to work at a different location that day. Petitioner's contrary testimony regarding the condition that the block [*2]officer be informed of the change in location presented a credibility issue for the Hearing Officer to resolve (see Matter of Sunkes v Russo, 153 AD3d 994, 995 [2017]; Matter of Povoski v Fischer, 93 AD3d 963, 964 [2012], appeal dismissed 19 NY3d 1020 [2012]). Therefore, we find no reason to disturb the determination.
Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.