Matter of Benitez v Annucci (2019 NY Slip Op 04252)





Matter of Benitez v Annucci


2019 NY Slip Op 04252


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527381

[*1]In the Matter of ANDREW BENITEZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: April 19, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Andrew Benitez, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's cell, a correction officer found certain documents containing gang-related references, including a reference to petitioner participating in a recent assault at the correctional facility that was being investigated at the time. As a result, petitioner was charged in a misbehavior report with possessing gang-related material and conspiring to assault an inmate. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The penalty was subsequently modified, and the modified determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and confidential testimony and documents considered by the Hearing Officer in camera provide substantial evidence to support the determination of guilt (see Matter of Sierra v Rodriguez, 158 AD3d 880, 881 [2018]; Matter of Devaughn v Annucci, 157 AD3d 1182, 1183 [2018]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to give him notice of the conspiracy to assault an inmate charge and enable him to prepare a defense (see Matter of Hart v Rodriguez, 169 AD3d 1148, 1149 [2019]; Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]).
We reject petitioner's contention that he was improperly denied the right to call the victim of the assault as a witness. There is no indication that the victim had previously agreed to testify, and he signed a witness refusal form indicating that he did not want to be involved (see [*2]Matter of Lebron v Annucci, 163 AD3d 1387, 1387 [2018]; Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]). Finally, petitioner's claim that he was improperly denied the right to observe the cell search is unpersuasive. Pursuant to Department of Corrections and Community Supervision Directive No. 4910 (V) (D) (1), an inmate who is removed from his or her cell prior to a search must be allowed to observe the search, unless it is determined that his or her presence endangers the safety or security of the facility (see Matter of Alston v Annucci, 153 AD3d 981, 982 [2017]; Matter of Santiago v Venettozzi, 149 AD3d 1429, 1430 [2017]). The record reflects that, at the outset of the search, a pat frisk of petitioner revealed a lump under his clothes in his waistband area and that he was then taken to another area of the facility in order that a strip frisk, which was authorized by a sergeant, could be performed. Under these circumstances, we find that there was a proper basis upon which to deny petitioner the right to observe the search (see Matter of Santiago v Venettozzi, 149 AD3d at 1430; Matter of Llull v Coombe, 238 AD2d 761, 762 [1997], lv denied 90 NY2d 804 [1997]).
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.