Matter of Jackson v Annucci (2019 NY Slip Op 05245)





Matter of Jackson v Annucci


2019 NY Slip Op 05245


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527522

[*1]In the Matter of THOMAS JACKSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Thomas Jackson, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with multiple prison disciplinary violations. The first misbehavior report charged him with damaging state property, engaging in violent conduct, possessing a weapon, fighting, refusing a direct order and assaulting an inmate. According to that report, while in the mess hall in the presence of other inmates, petitioner was observed exchanging closed-fist punches and then fighting on the floor with another inmate and initially refused direct orders to stop fighting. After the fight, a broken spoon handle was discovered on the floor where petitioner had been, and a subsequent medical examination of the other inmate revealed injuries on his neck consistent with those that would have resulted from the use of a weapon. When petitioner eventually complied with orders to stop fighting, he stood up from the floor and used both of his hands to shove a correction officer in the chest, which caused that officer to fall to the ground and sustain injuries. As a result of petitioner's confrontation with this officer, he was charged in a second misbehavior report with assaulting staff and engaging in violent conduct. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges, and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. Contrary to petitioner's contention, the misbehavior reports and the testimony of three correction officers involved in the incidents provide substantial evidence to support the determination of guilt (see Matter of Jones v Annucci, 166 AD3d 1174, 1175 [2018]; Matter of Gallo v Annucci, 164 AD3d 1560, 1560-1561 [2018]; Matter of Thousand v Prack, 139 AD3d 1212, 1212 [2016]; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]). Petitioner's contentions that the misbehavior reports were fabricated and written in retaliation for [*2]a prior incident that he was involved in presented credibility issues for the Hearing Officer to resolve (see Matter of Harriott v Annucci, 170 AD3d 1294, 1295 [2019]; Matter of Cruz v Annucci, 152 AD3d 1100, 1101 [2017]). Similarly, although petitioner contended that a notation on a "go-around list" established that he was in his cell on the morning of the incident, the Hearing Officer was entitled to credit the competing testimony from the correction officers who personally observed petitioner's involvement in the altercation (see generally Matter of Ballard v Annucci, 170 AD3d 1298, 1299-1300 [2019]). Moreover, the correction officer who made that go-around list testified that the list was filled out prior to the incident, and petitioner could have asked another officer to be let out of his cell. Petitioner's remaining contentions, including his assertion that he was denied the right to present certain documentary evidence, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.