Matter of Zielinski v Venettozzi (2019 NY Slip Op 07967)





Matter of Zielinski v Venettozzi


2019 NY Slip Op 07967


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527210

[*1]In the Matter of Jeremy Zielinski, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Mulvey, Devine and Pritzker, JJ.


Jeremy Zielinski, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an inmate, was charged in a misbehavior report with losing state property after he could not produce his state-issued razor when directed to do so. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and a penalty was imposed. The determination was affirmed upon administrative appeal with a modified penalty. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report and supporting documentation provide substantial evidence supporting the determination of guilt (see Matter of Fernandez v Venettozzi, 164 AD3d 1557, 1558 [2018]; Matter of Thousand v Prack, 139 AD3d 1212, 1212 [2016]; Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]). Petitioner's contention that he was never issued a replacement razor after his prior razor was stolen created a credibility issue for the Hearing Officer to resolve (see Matter of Fernandez v Venettozzi, 164 AD3d at 1558; Matter of Ortega v Annucci, 122 AD3d at 1051), and, in any event, was contradicted by the documentary evidence, which demonstrated that petitioner was in possession of a replacement razor during the relevant time period leading up to the instant offense.
Turning to petitioner's procedural contentions, the misbehavior report provided sufficient information to place him on notice of the charges and afford him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c]; Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [2019]; Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1476 [2018]). Further, we reject petitioner's contention that he was denied effective employee assistance, as the record establishes that any alleged deficiencies were remedied by the Hearing Officer without any prejudice to petitioner (see Matter of Gulifield v Annucci, 164 AD3d 1001, 1003 [2018]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]). We also find unavailing petitioner's arguments that he was denied the right to submit documentary evidence and to call witnesses. The record reflects that petitioner acknowledged that he was provided with an opportunity to examine the requested razor-check records at the hearing, and the Hearing Officer read into the record the relevant portion of the facility policy manual. Inasmuch as petitioner failed to demonstrate how his requested witnesses would have provided relevant or nonredundant testimony regarding the determination of guilt, the Hearing Officer did not improperly deny petitioner the right to call said witnesses (see Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Medina v Prack, 101 AD3d 1295, 1297 [2012], lv denied 21 NY3d 859 [2013]).
Contrary to petitioner's contention that the Hearing Officer took unrecorded testimony from security personnel, the record reflects that the Hearing Officer consulted security personnel only to obtain information regarding the facility razor policy that was requested by petitioner (see Matter of Jeanty v Graham, 147 AD3d 1323, 1325 [2017]). Finally, inasmuch as petitioner has already served the modified penalty, which did not entail any loss of good time, his challenge to it is now moot (see e.g. Matter of Bermudez v Griffin, 142 AD3d 1203, 1204 [2016]). Petitioner's remaining claims, including that the Hearing Officer was biased, have been considered and found to be without merit.
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.